Filed 3/30/26  P. v. Ruiz CA2/5

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B343514 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA078254) |
| v. | |
| RANDAL AVILA RUIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Randal Avila Ruiz appeals from the trial court's order accepting the recommendation of the Secretary of the Department of Corrections and Rehabilitation (CDCR) for recall and resentencing under former Penal Code[1] section 1170.03, subdivision (a)(1) (now § 1172.1), and resentencing Ruiz to time served.[2]  We affirm the trial court's order.[3]

## PROCEEDINGS

In 2012, the jury found Ruiz guilty of two counts of burglary.  (§ 459, counts 1 & 2.)  The jury further found true as to count 1 that a person was present during the commission of the robbery, making the crime a violent felony.  (§ 667.5, subd. (c).)

Prior to sentencing, Ruiz filed a motion to strike his prior strike convictions for purposes of sentencing pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530.  After hearing argument, the trial court denied the motion.  In a bifurcated proceeding, the court found true the allegations as to both counts that Ruiz suffered seven prior serious and/or violent felony convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), suffered two prior serious felony convictions within the meaning of section 667,

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text (Stats. 2022, ch. 58, § 9).

[3] To the extent that Ruiz's motion can be construed as a motion to augment the record on appeal, the motion is denied.

subdivision (a), and served two prior prison terms within the meaning of section 667.5, subdivision (b).

The court sentenced Ruiz to 25 years to life plus a determinate term of 10 years, comprised of two concurrent terms of 25 years to life pursuant to the Three Strikes law, plus two consecutive terms of five years each for the prior serious felony enhancements. The court imposed and stayed the two one-year prior prison term enhancements.

In 2022, the CDCR filed a letter with the trial court recommending that Ruiz's sentence be recalled and that he be resentenced pursuant to former section 1170.03. The CDCR's recommendation was based upon an amendment to section 1385, which gives trial courts discretion to strike a prior serious felony conviction enhancement (§ 667, subd. (a)) for purposes of enhancement, or to strike punishment for the enhancement.

The trial court appointed counsel. On October 13, 2023, counsel filed a brief requesting that, at a minimum, the court exercise its discretion to strike the two five-year enhancements imposed pursuant to section 667, subdivision (a) and the two now-invalid one-year enhancements imposed pursuant to section 667.5, subdivision (b) that the court had stayed.

On October 18, 2023, the People filed a response to Ruiz's resentencing brief, requesting that the court recall Ruiz's sentence and resentence Ruiz to two concurrent terms of 25 years to life and strike the two section 667, subdivision (a) enhancements, but decline to further reduce Ruiz's sentence.

During a May 14, 2024 hearing, the parties conferred on the record and the People proposed that Ruiz be given a sentence of 18 years. Ruiz would be sentenced as a second-striker to double the midterm of four years in prison, plus the two five-year

section 667, subdivision (a) enhancements.  The People agreed to file a new written response memorializing the proposed sentence by June 28, 2024, and the court set the hearing for approximately one month later.

The hearing was continued multiple times.  The court held a sentencing hearing on December 2, 2024.  The People proposed, and Ruiz agreed, that Ruiz would be sentenced to time served—specifically, 15 years 4 months in state prison.  Ruiz was required to waive sufficient back time to allow the court to place him on parole, waive his right to appeal the resentencing and any irregularities related thereto, and participate in a residential treatment plan for nine months.

The court imposed Ruiz's sentence as agreed.  The sentence was comprised as follows:  In count 1, the lower term of two years, doubled to four years pursuant to the Three Strikes law.  In count 2, one-third of the middle term of two years, doubled pursuant to the Three Strikes law for a term of 16 months.  With respect to the section 667, subdivision (a) enhancements, the court imposed two consecutive five-year terms.  The parties agreed that this was a "time served" sentence, and the court ordered Ruiz to parole.

On December 4, 2025, the CDCR filed a letter with the court stating that the sentence in count 2 was incorrect because the middle term was four years, not two years.  The CDCR also noted that Ruiz's conduct credits had been calculated incorrectly.

On December 6, 2025, the court noted errors in the prior sentencing order based on inadvertence and/or clerical error, and the court corrected Ruiz's conduct credits and modified the abstract of judgment nunc pro tunc to December 2, 2024, to

4

reflect that Ruiz was convicted of second degree burglary in count 2. The court left the 16-month sentence in count 2 intact.

On January 21, 2025, Ruiz, in pro. per., filed a notice of appeal and requested a certificate of probable cause. The trial court did not act on Ruiz's request.

Ruiz appealed, and this court appointed counsel to represent him.

## DISCUSSION

After examining the record, Ruiz's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and requested that we conduct a full independent review of the record. We invited Ruiz to file a supplemental brief.

Ruiz submitted a nine-page handwritten letter brief in response. We limit our consideration to the issues raised in Ruiz's brief. (See *Delgadillo, supra,* 14 Cal.5th at p. 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a resentencing petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

In his supplemental brief, Ruiz does not raise any claims relating to his resentencing. Even if his arguments had pertained to resentencing, they would be to no avail, as Ruiz expressly waived his right to appeal in exchange for a sentence of time served. Ruiz instead raises complaints pertaining to his

5

arrest, trial, the current living situation in his family home, and his difficulties obtaining documents and keeping them properly organized.  These are issues that we cannot reach in an appeal from the trial court's resentencing order.

We conclude that the trial court did not err by sentencing Ruiz to time served under terms to which he expressly agreed.

## DISPOSITION

The superior court's order resentencing Ruiz upon the CDCR's recommendation for recall and resentencing is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


KIM (D.), J.